UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| TIMOTHY HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 16-051-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Timothy Howard's motion for leave to file an amended Complaint. [Record No. 31] Howard seeks to amend his Complaint to add a claim alleging that the Administrative Law Judge and the Appeals Council were appointed in violation of the Appointments Clause of Article II of the United States Constitution. Leave to amend may be denied where the amendment would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559 (6th Cir. 2003). As this Court recently explained in *Blackburn v. Berryhill*, Ashland Civil Action No. 0: 17-120-DCR, these claims generally are forfeited if they are not raised at the administrative level. Accordingly, the plaintiff's motion for leave to amend will be denied because there is no indication that he raised the Appointments-Clause argument below.

The plaintiff also seeks to allege that he has been denied due process based on lack of access to his client file, which is "sitting in the seized Conn law office in Stanville, Kentucky." [Record No. 31-1, p. 5] However, while this appeal remains stayed pending the United States Court of Appeals' decision in *Hicks v. Commissioner of Social Security*, No. 17-5206, the

Court has appointed Receivers to inventory and distribute the client files of former-attorney Eric C. Conn. [*See* Lexington Criminal Action No. 5: 17-043-DCR, Record No. 78.] The Receivers will file their first written report with the Court beginning December 1, 2018, and every three months thereafter, subject to intervening orders. The United States has no further obligation or responsibility with respect to the handling or disposition of the files. Accordingly, the plaintiff's request to amend his Complaint regarding access to his client file is futile.

Based on the foregoing, it is hereby

**ORDERED** that the plaintiff's motion for leave to amend [Record No. 31] is **DENIED**, without prejudice. The Court will entertain a renewed motion for leave to amend if the plaintiff is able to establish that he raised the Appointments-Clause challenge during the original administrative proceeding.

Dated: October 18, 2018.

Signed By: *Danny C. Reeves*
United States District Judge